**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**FLOYD-EARL WHITING-BEY,**

           **Plaintiff,**

      **v.**                                **3:13-CV-2827-M-BK**

**ANGELINA DEHNER**
**et al.,**
           **Defendants.**

### FINDINGS, CONCLUSION AND RECOMMENDATION

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. The *pro se* Plaintiff originally filed this action in state court in June 2013, raising claims of wrongful foreclosure and fraud in connection with the foreclosure of his home. (Doc. 1-3 at 2-3). Plaintiff also sought a temporary restraining order to prevent his forcible eviction from the home. *Id.* at 4-5; Doc. 1-6 at 2. Defendants Bank of New York Mellon ("BNY") and Bank of America, N.A. ("BA") removed the action to federal court based on diversity jurisdiction and, thereafter, filed a *Motion to Dismiss* on July 26, 2013. (Docs. 1, 5). Defendant Barrett Daffin Frappier & Engel, LLP ("Barrett Daffin") also moved to dismiss Plaintiff's complaint on August 21, 2013. Plaintiff was required to file his responses, if he opposed the dismissal of his case, by August 16, 2013 and September 11, 2013 respectively, but he did not do so. *See* N.D. TEX. LOCAL RULE 7.1(e) (establishing 21-day deadline for filing responses to motions).

Due to Plaintiff's failure to respond to Defendants' motions, this Court ordered Plaintiff to file responses no later than October 10, 2013, if he was opposed to the dismissal of his case. (Doc. 10). The undersigned warned Plaintiff that, if he did not respond, he risked dismissal of

his case without further notice.  *Id.*  The October 10 deadline has now passed, and Plaintiff did

not respond as ordered.  A court may dismiss an action *sua sponte* for failure to prosecute or

follow court orders.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); FED. R. CIV.

P. 41(b).  This authority flows from a court's inherent power to control its docket, prevent undue

delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash

R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Because Plaintiff failed to respond to Defendants'

dismissal motions and failed to comply with this Court's order directing a response, this action is

subject to dismissal without prejudice.

Before considering whether dismissal on that basis is appropriate, however, the Court has

an independent duty to first determine whether it has subject matter jurisdiction.  *Ruhgras AG v.

Marathon Oil Co.*, 526 U.S. 574, 583 (1999).  The record reflects that: (1) Plaintiff is a citizen of

Texas; (2) BA is a citizen of North Carolina; (3) BNY is a citizen of New York; (4) Barrett

Daffin is a citizen of Texas; (4) Defendant Justice of the Peace, Precinct 4, Dallas County is a

citizen of Texas; and (5) Defendants Angelina and Robert Dehner are citizens of Texas.  (Doc. 1

at 3; Doc. 1-3 at 2).  The parties thus are not completely diverse for purposes of federal diversity

jurisdiction.[1]  BA and BNY urge the Court to ignore, as nominal, the non-diverse parties in

assessing jurisdiction.  (Doc. 1 at 3-6).

Indeed, the Court considers only the citizenship of real and substantial parties to a

controversy and may disregard nominal or formal parties who have no real interest in the dispute

at hand.  *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980); *Corfield v. Dallas Glen Hills*

---

[1] The amount in controversy satisfies the jurisdictional minimum.  (Doc. 1-13 at 2)
(Dallas Central Appraisal District appraisal listing the property's value at $217,120).

*LP*, 355 F.3d 853, 857 (5th Cir. 2003).  "Whether a party is [formal or] 'nominal' for removal purposes depends on whether, in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable."  *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (internal quotations omitted).  An alternate articulation of the test is whether a named party's "role in the law suit is that of a depositary or stakeholder."  *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assts. Local 349*, 427 F.2d 325, 327 (5th Cir. 1970) (internal quotations omitted).  In sum, a "plaintiff's joinder of formal or unnecessary parties cannot defeat diversity jurisdiction and prevent removal."  *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 710 (N.D. Tex. 2011) (Lynn, J.) (quotation omitted).  In *Marsh*, the district court retained subject matter jurisdiction over a foreclosure action filed against the banks' non-diverse substitute trustees and legal counsel.  The court found that there was no reasonable basis for predicting that the plaintiffs' claims against those parties would be successful in state court because, in reality, only the rights of the banks were in dispute.  *Id.* at 708-10.  Consequently, the court dismissed the claims against the non-diverse defendants.  *Id.*

Under the circumstances of this case, the undersigned concludes that Barrett Daffin, the Dallas Justice of the Peace, and the Dehners are indeed nominal parties.  Barrett Daffin is legal counsel to the defendant banks and appears to have been sued solely in that capacity.  *See* Doc. 1-3 at 7 (noting that BNY "is made up of affiants operating as or in [corporate soul status] by its agent Barrett Daffin"); Doc. 1-7 at 3 (return of service indicating that Barrett Daffin accepted service of the citation on behalf of BNY); Doc. 1-11 at 2 (return of service indicating that Barrett Daffin accepted service of the citation on behalf of BA).  In fact, Plaintiff does not make any

3

specific allegations in the complaint about Barrett Daffin.  The Justice of the Peace and the

Dehners are not mentioned in the body of the complaint at all.  Under these circumstances and

considering the nature of the foreclosure dispute, "the Court can enter a final judgment consistent

with equity and good conscience, which would not be in any way unfair or inequitable." *Acosta*,

452 F.3d at 379.  Accordingly, the Court should retain subject matter jurisdiction over the case.

        The undersigned next addresses Plaintiff's failure to respond to Defendants' dismissal

motions and comply with this Court's order directing a response.  Normally, under the

circumstances present here, an action is subject to dismissal without prejudice.  Nevertheless, a

dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of

limitations might prevent a party from refiling his case.  *Boazman v. Econ. Lab., Inc.*, 537 F.2d

210, 213 (5th Cir. 1976).  Here, however, the statute of limitations on Plaintiff's wrongful

foreclosure and fraud claims does not appear to expire until December 2015 because the deed to

the property was transferred to BNY in December 2011.  (Doc. 1-13 at 2) (Dallas Central

Appraisal District appraisal); *Martin v. Cadle Co.*, 133 S.W.3d 897, 905 (Tex.App–Dallas, 2004)

(noting four-year statute of limitations for wrongful foreclosure claims); Tex. Civ. Prac. & Rem.

Code § 16.004(a)(4) (noting four-year statute of limitations for fraud claims).  Thus, dismissal of

this case without prejudice will not unfairly affect Plaintiff's legal interests.

        **SO RECOMMENDED** on November 12, 2013.


RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

5